IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00024-PAB-CBS

PATRICK W. DILL,

Plaintiff,

v.

TYSON FOODS, INC.,

Defendant.

## STIPULATED PROTECTIVE ORDER

The Parties to this action, their counsel, and any other person who agrees in writing to become bound by the terms of this Stipulated Protective Order (the "Order"), are bound by this Order.

It appearing to the Court that this Order is necessary, appropriate, and will facilitate discovery, and for good cause shown, and recognizing that the Parties to this action have stipulated hereto, IT IS HEREBY ORDERED AS FOLLOWS:

1. <u>Introduction and Scope.</u>  This action may require the disclosure of confidential and/or proprietary information (including, without limitation, Documents). This Order shall protect against the disclosure of such information that should not be publicly available and shall govern any designated record or information produced in this action, including all designated motions and other papers submitted to the Court, all designated deposition testimony, all designated testimony taken at a hearing or other proceeding, interrogatory answers, documents, and other discovery materials, whether produced informally or in response to interrogatories,

requests for admissions, requests for production of documents, subpoenas, or other formal methods of discovery.

    2.    <u>Definitions.</u>

    (a)    For purposes of this Order, CONFIDENTIAL INFORMATION means any Document, electronically-stored information, and tangible thing, transcript of oral testimony or recorded statement and where the content of such Document, electronic file, thing, transcript or statement, is designated by any Party as confidential.  In general, CONFIDENTIAL INFORMATION includes and may be claimed with respect to information that is confidential or proprietary in nature including, but not limited to, trade secrets, non-public research and development, non-public customer lists and/or other commercially sensitive information that has been kept confidential by the producing Party, as well as any information that implicates a common-law or statutory privacy interest such as personal identifying information, personnel information, medical and financial information, or any other information that is otherwise entitled to protection under FED.R.CIV.P. 26(c).  By way of example and not limitation, CONFIDENTIAL INFORMATION may be included in Documents, portions of Documents, electronic files, transcripts, answers to interrogatories, briefs, summaries, notes, abstracts, motions, drawings and any instrument, which comprises, embodies, or summarizes matter that any Party considers confidential and desires not be made public.

    (b)    For purposes of this Order, DOCUMENT shall mean and include, but not be limited to: any electronically-stored data, documents, files, portions of files, programs, emails, regardless of format, correspondence, memoranda, bulletins, circulars, catalogs,

publications, or other printed matter, interoffice and/or intracorporate communications, minutes, telegrams, letters, statements, cancelled checks, contracts, invoices, drafts, maps, charts, books of accounts, work sheets, notes of conversations, journals, desk diaries, appointment books, expense accounts, recordings, specifications, photographs, motion pictures, videotapes, compilations from which information can be obtained and translated as required through detection devices into reasonably usable form, sketches, drawings, notes (including laboratory notebooks and records), blueprints, disclosures, models, data, reports, work assignments, instructions, and other writings. A draft or non-identical copy is a separate document within the meaning of this term.

3. <u>Designation of Information.</u>

(a)  If any Party intends to produce Documents, things, or electronic information that the producing Party deems to contain or include Confidential Information that it wishes to be made subject to this Order, the producing Party shall designate confidentiality by marking the Document or thing "CONFIDENTIAL" at the time it is turned over to the receiving Party. Any copy made of such Document shall also bear on its face the legend "CONFIDENTIAL." Such designation shall be made only upon the designating Party's good faith and well-founded belief that the material constitutes proprietary information, confidential personnel or personal information, trade secrets, non-public research of development, non-public customer lists, or commercially sensitive information, or any other information that is otherwise entitled to protection under FED.R.CIV.P. 26(c). Any Confidential Information not reduced to documentary, electronic, tangible, or physical form, or which cannot be easily stamped may be

designated by providing written notice of such designation and the designation of any storage media shall extend to the contents of such storage media.

(b) In the event a Party inadvertently produces Confidential Information without such legend, that Party shall promptly furnish written notice to the receiving Party that the Confidential Information is designated CONFIDENTIAL under this Order along with appropriately labeled copies of the Confidential Information. Notice given within thirty days after discovery of the inadvertent disclosure shall be considered prompt notice. To the extent such Document, thing or information may have been disclosed to persons other than authorized persons described in this Order, the receiving Party shall make every reasonable effort to retrieve the Document, thing, or information promptly from such persons and to limit any further disclosure to unauthorized persons. Moreover, such post-production designation of Confidential Information shall not under any circumstances be deemed a waiver, in whole or in part, of the right to assert confidentiality or of the protections of this Order, and shall not entitle the receiving Party or its attorneys to disclose such information in violation of this Order.

(c) If it is contemplated that one or both Parties will make available certain of its Documents for inspection by another Party, which Documents may contain confidential as well as nonconfidential material, materials provided for inspection by a Party's counsel need not be designated as Confidential Information until copies of the materials are requested after inspection and selection by counsel. All Documents and their contents made available for such inspection shall be assumed to be Confidential Information at the time of inspection and shall be treated as such until the producing

Party has had the opportunity to designate and mark selected furnished Documents as CONFIDENTIAL pursuant to Paragraph 3(a), above. Making Confidential Information available for inspection shall not constitute a waiver of any claim of confidentiality, or privilege.

(d) If, during the course of discovery in this action, the Parties hereto, or their representatives, are authorized to inspect another Party's facilities, processes, or products, any Documents or things generated as a consequence of any such inspection by the inspecting Party, subject to the other provisions of this Order, shall be deemed to comprise or to be Confidential as designated by the Party whose facilities, *etc*. are being inspected, and shall be treated as such.

(e) Where Confidential Information is provided in response to a discovery request, the responding Party's response shall be designated as CONFIDENTIAL by imprinting the legend "CONFIDENTIAL" next to or above the response to the discovery request.

(f) Whenever a deposition taken on behalf of any Party hereto involves a disclosure of Confidential Information of another Party, the following procedure shall be implemented:

(i) During the deposition, counsel for the Party whose Confidential Information is subject to disclosure may state that the testimony is Confidential and advise all persons present that the information is subject to this Order. Only those persons authorized to receive disclosures of such Confidential Information

as provided Paragraph 6 hereof shall be permitted to listen to or read testimony so designated.

(ii)     If a designation Confidential Information is not made during a deposition, a Party may designate the deposition or parts thereof as Confidential by written notice to the other Party and the court reporter within 30 days of the mailing of the deposition transcript. All persons with copies of the deposition transcript shall then mark their copies with the above legend. Until the 30-day period has expired, all deposition testimony and transcripts shall be treated in their entirety as Confidential Information covered by this Order.

(iii)    All deposition transcripts not previously designated shall be treated as Confidential for a period of 30 days after receipt of the transcript, and the transcript shall not be disclosed by a non-designating Party to persons other than those persons named or approved in Paragraph 6 to review documents or materials designated Confidential on behalf of that non-designating Party.

(iv)    Aside from professional translators and stenographic reporters, the designating Party shall have the right to exclude the following persons from a deposition before the taking of testimony which the designating Party designates as subject to this Order, as to testimony and exhibits designated as Confidential: all persons except the deponent and counsel for the deponent who agrees to be bound by this Order, and any person authorized to receive disclosure under Paragraph 6.

4. <u>Documents Related to Confidential Information.</u>  Confidential Information designated CONFIDENTIAL shall include: (a) all copies, extracts, and complete or partial summaries prepared from such information; (b) portions of deposition transcripts and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (c) portions of affidavits, briefs, memoranda, or any other writing filed with the Court and exhibits thereto which contain or reflect the content of any such information, copies, extracts, or summaries of it; (d) deposition testimony designated in accordance with Paragraph 3(f), *infra*; and (e) testimony taken at a hearing or other proceeding that is designated in accordance with Paragraph 8, infra.

5. <u>Limit on Use of Confidential Information.</u>  Each Party and all persons bound by the terms of this Order shall use any Confidential Information governed by this Order only for the purpose of prosecution, defense, mediation, arbitration or settlement of this action; no Party or other person shall use any Confidential Information governed by this Order for any business or other purpose whatsoever.  The Party's counsel who discloses information designated as CONFIDENTIAL shall be responsible for assuring compliance with the terms of this Order with respect to persons to whom such Confidential Information is disclosed.

6. <u>Disclosure of Confidential Information.</u>  Except as otherwise provided by written stipulation of the Parties, or by further order of the Court, Confidential Information designated as CONFIDENTIAL shall only be disclosed by the receiving Party on a need-to-know basis (*i.e*., for the purposes set forth in Paragraph 5, *infra*) and only to:

(a)     Attorneys who represent the receiving Party, including outside litigation and in-house counsel and paralegals, and employees of such attorneys or law firms with which such attorneys are associated, but only for purposes of this action;

(b)     Experts (whether acting as testifying experts or non-testifying consultants) and their staff retained by the receiving Party for the purpose of providing advice, an expert opinion and/or testifying at the trial at this action, and subject to Paragraph 7, *infra*;

(c)     Non-parties specifically retained to assist the attorneys of record or a Party in copying or computer coding of documents, organizing, filing, translating, converting, storing or retrieving data, or designing programs for handling data connected with this action, including the performance of such duties in relation to a computerized litigation support system, but only for purposes of performing such services in connection with this Action;

(d)     The Court (and any appellate court) and Court personnel – including, but not limited to, court reporters, assistants and employees – as provided in Paragraph 10, *infra*, as well as jurors and alternative jurors;

(e)     Stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(f)     Deponents, witnesses, and potential witnesses in this action, as provided in Paragraph 12, *infra*;

(g) The Parties to this action, including officers, directors, employees, or other designated representatives of a corporate Party, but only for purposes of litigating the claims and/or defenses asserted in this action; and

(h) Other persons by written agreement of the Parties.

7. <u>Identification of Experts</u>. A Party desiring to disclose Confidential Information designated as CONFIDENTIAL to outside experts (whether acting as testifying experts or non-testifying consultants) under Paragraph 5, *supra*, ("Disclosing Party") shall first obtain from each expert a signed undertaking in the form of Exhibit A hereto.

8. <u>Designation of Hearing Testimony or Argument</u>. With respect to testimony elicited and exhibits marked during hearings and other proceedings, whenever counsel for any Party deems that any question or line of questioning calls for the disclosure of Confidential Information that should be kept Confidential, counsel may designate on the record prior to such disclosure that it is CONFIDENTIAL. Whenever a matter designated as Confidential is to be discussed in a hearing or other proceeding, any Party claiming such confidentiality may, with permission of the Court only, exclude from the room any person who is not entitled under this Order to receive information designated as CONFIDENTIAL.

9. <u>Disclosure to Author or Recipient</u>. Except as provided elsewhere in this Order, nothing herein shall prohibit counsel for a Party from disclosing any Document, whether designated as CONFIDENTIAL, to any person whom the Document clearly identifies as the author or a recipient of such Document and regardless of designation pursuant to this Order, but only for the purposes set forth in Paragraph 5. The person viewing such Documents shall not be

permitted to retain copies of any of the Documents, unless that person is authorized to do so under other provisions of this Order.

10. <u>Designation of Documents Under Seal.</u>  In the event that any Documents that have been designated CONFIDENTIAL INFORMATION are included with or the contents thereof are in any way disclosed in any pleading, motion, deposition transcript, or other paper filed with the clerk of the Court, such Documents and related materials shall be filed under seal pursuant to the rules of this Court.  Pursuant to D.C.COLO.LCivR 7.2, no material will be filed under seal with the Court without the prior approval of the Court.  Upon such order of the Court, any information designated CONFIDENTIAL shall be filed and kept by the Court under seal and shall be made available only to the Court and to persons authorized by this Order.  The Party filing any paper that reflects, contains, or includes any Confidential Information subject to this Order shall file such paper in a sealed envelope, or other appropriately sealed container, which indicates the title of the action, the Party filing the materials, the nature of the materials filed, and the legend "CONFIDENTIAL – FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER OF THIS COURT."  At the conclusion of this action, any materials filed with the Court under seal shall be kept under seal or be returned to the Party filing it for disposition as provided for in Paragraph 19, *infra*.

11. <u>Confidentiality of Party's Own Documents</u>.  No person may disclose any Confidential Information, except as provided in this Order, but nothing herein shall affect the right of a Party to disclose Confidential Information which it designated as CONFIDENTIAL to its officers, directors, employees, consultant, or experts, or to any non-party, except as provided

elsewhere in this Order.  Such disclosure shall not waive the protections of this Order and shall not entitle other Parties or their attorneys to disclose such information in violation of this Order.

12. <u>Preparation of Witness and Exhibit Designation</u>.  Any Party may use Confidential Information designated as CONFIDENTIAL to interview or prepare any witness for purposes outlined in paragraph 5.  In addition, any Party may use any Confidential Information designated as CONFIDENTIAL as an exhibit to a deposition, hearing, or other proceeding and examine any witness who is not otherwise prohibited from viewing such material thereon, provided the exhibit and related transcript pages receive the same type of confidentiality designation as the original document.

13. <u>Other Protections; Challenge to Designation of Confidential Information.</u>  This Order shall not preclude any Party from seeking and obtaining, on an appropriate showing, such additional protection with respect to the confidentiality of Confidential Information, or other discovery material as such Party may consider appropriate.  No Party shall be precluded from: (a) claiming that any information designated as Confidential Information is not entitled to the protections of this Order; (b) applying to the Court for an order permitting a disclosure or use of Confidential Information otherwise prohibited by this Order; or (c) applying for an order modifying this Order in any respect.  No Party shall be obligated to challenge the propriety of any confidentiality designation, and failure to do so shall not preclude a subsequent attack on the propriety of such designation.  In any event, the challenging Party shall preserve the confidentiality of the Confidential Information that is the subject of the challenge until the Court disposes of and/or rules on the matter.

14. <u>Prior or Public Knowledge.</u>  The restrictions and obligations set forth herein relating to Documents and things marked CONFIDENTIAL shall not apply to any information which the Parties agree in writing, or if they are unable to agree, the Court determines: (a) was or becomes public knowledge other than as a result of disclosure by the receiving Party; or (b) has come or shall come into the receiving Party's lawful possession independently of the producing Party.  Such restrictions and obligations shall not be deemed to prohibit discussions with any Person about any documents or things marked CONFIDENTIAL if that person already had or obtained lawful possession thereof other than pursuant to this Order.  Nothing in this Order shall affect or restrict use or disclosure of Documents or things obtained other than through discovery pursuant to this Order.

15. <u>Trial.</u>  Prior to any trial in this action, the Parties shall attempt to agree on the method and manner by which the confidentiality of any Confidential Information subject to this Order will be preserved at trial.  In the event agreement cannot be reached, a Court ruling shall be obtained.

16. <u>Limitation of Protective Order.</u>  This Order does not preclude any Party from seeking further relief or protective orders form the Court as may be appropriate under the Federal Rules of Civil Procedure or other applicable law.  Further, the receipt of any Document, thing, or information designated as CONFIDENTIAL by a Party shall not be construed as agreement by any other Party that any such Document, thing, or information is in fact Confidential, and shall not operate as a waiver of any Party's right to challenge any such designation as provided herein.  Any Party may object to the designation of particular Confidential Information by giving written notice to the Party making the disputed designation.  The written notice shall identify specific

grounds for objection to the designation of information as CONFIDENTIAL. If, after making a good faith effort to resolve the objection on an informal basis, the Parties are unable to resolve the dispute within ten (10) calendar days, the recipient of the disputed information may apply to the Court for an appropriate determination. In connection with a motion under this provision, the Party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL. The Confidential Information shall continue to maintain its status from the time it is produced until the Court's ruling on the Motion.

      17.    <u>Non-Party Information.</u>  The terms of this Order shall be applicable to Confidential Information obtained from a non-party, and such information produced in connection with this action shall be protected by the provisions of this Order. Such a non-party shall have: (a) the same right as a Party to designate any such information under this Order; and (b) standing to enforce the terms of this Order with respect to disclosure and use of that non-party's designated information. In addition, if any such non-party is under an obligation of confidentiality to a Party ("Obliging Party"), the Obliging Party may designate any such information as CONFIDENTIAL. Any other Party ("Requesting Party") obtaining any materials from such a non-party shall provide immediate and simultaneous access to the information to the Obliging Party. The Obliging Party shall have ten (10) calendar days to notify the Requesting Party of the status of the materials. In the interim, any materials obtained from such a non-party by the Receiving Party shall be treated by the Receiving Party as if designated CONFIDENTIAL. The Obliging Party may request that the Receiving Party label and number such materials according to the designation and provide a copy of the labeled and numbered

materials to the Obliging Party. The Receiving Party may produce its set of non-party materials to the Obliging Party and the Obliging Party will, within five (5) business days, label and number the materials according to the designation and provide a copy of the labeled and numbered materials to the Receiving Party. Any Party who receives from a non-party information that has not been designated CONFIDENTIAL may itself designate the Confidential Information as CONFIDENTIAL pursuant to the provisions of this Order.

18.     <u>Compulsory Service from a Non-party.</u>  If a Party in possession of information designated CONFIDENTIAL is served with a valid subpoena, document request, interrogatories or other compulsory process from a non-party to this Order seeking production or other disclosure of such designated information, such Party ("Subpoenaed Party") shall, within five (5) business days, give prompt written notice to counsel for the Party who designated the information as CONFIDENTIAL ("Designating Party") identifying the designated information sought and enclosing a copy of the subpoena, request, interrogatory, or other compulsory process. The Subpoenaed Party shall make timely objections to the production of the designated information, including by referencing the existence of this Order, and the Designating Party may intervene without opposition from the Subpoenaed Party to object to the production of the designated information. Unless and until such objections are overruled by the Court, or the Court otherwise orders production of the designated information, the Subpoenaed Party shall not produce or divulge the contents of the designated information. Nothing herein shall be construed as requiring the Subpoenaed Party, or any Party, to challenge or oppose any court order requiring production of the designated information, or subject itself to the risk of sanctions or penalty arising from non-compliance with any such legal process or court order.

19. <u>Return of Designated Information.</u>  Upon final termination of this action, unless otherwise agreed to in writing by an attorney of record for the designating Party, each Party shall assemble and return all information designated as CONFIDENTIAL, including all copies (whether in the possession of the Party, counsel, experts, or non-parties), extracts and summaries thereof, to the Party from whom the such designated information was obtained, except that any documents or copies which contain or constitute attorney work product may be retained by counsel, or destroyed.  In lieu thereof, the Parties may agree that all information designated as CONFIDENTIAL will be destroyed by the Party in possession of such information.

20. <u>Waiver or Termination of Protective Order.</u>  No part of the restrictions imposed by this Order may be waived or terminated, except by the written stipulation executed by counsel of record for each designating Party, or by an order of the Court for good cause shown.  The restrictions provided for herein shall not terminate upon the conclusion of this action, but shall continue until further order of this Court.

21. <u>Modification of Protective Order.</u>  This Order may be modified, and any matter related to it may be resolved by (1) written stipulation of the Parties subject to approval of the Court; or (2) order of the Court upon motion of one or more Party.

22. <u>Continuing Jurisdiction.</u>  This Order is ongoing and shall survive termination of this lawsuit and for as long as any Party is in possession or control of Confidential Information and/or material provided pursuant to this Order.  This Court shall retain jurisdiction to enforce this Order even after termination of this lawsuit.

23. _Paragraph Captions._  The title captions for each paragraph of this Order are for convenience only, and are not intended to affect or alter the text of the paragraphs or the substance of the Order.

PURSUANT TO STIPULATION, IT IS SO ORDERED

DONE this 13th day of December, 2011.

BY THE COURT:

                                               _s/Craig B. Shaffer_
                                               U.S. MAGISTRATE JUDGE

17

**STIPULATED AND AGREED TO BY:**

Berumen Law Firm, P.C.                             KUTAK ROCK LLP

By: *s/ Hannah B. Ross*                            By:  *s/ Mia K. Della Cava*
    Hannah B. Ross                                    Neil L. Arney
    Berumen Law Firm, P.C.                             Mia K. Della Cava
    1450 S. Havana Street, Suite 412                   1801 California Street, Suite 3100
    Aurora, CO  80012                                  Denver, CO  80202-2626
    Tele:  (303) 751-2128                              Tele:  (303) 297-2400
    Fax:   (303) 845-5358                              Fax:  (303) 292-7799
    email:  markberumen@berumenlaw.com                  email:  neil.arney@kutakrock.com
         hross@berumenlaw.com                              mia.dellacava@kutakrock.org

ATTORNEYS FOR PLAINTIFF

                                                     ATTORNEYS FOR DEFENDANT

**EXHIBIT "A"**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-CV-00024-PAB-CBS

PATRICK W. DILL,

Plaintiff,

v.

TYSON FOODS, INC.,

Defendant.

---

I agree to be bound by the Protective Order in the matter of PATRICK W. DILL V. TYSON FOODS, INC., Civil Action No. 11-CV-00024-PAB-CBS in the United States District Court for the District of Colorado, entered on the ___ day of _____, 2011. I have read the Protective Order and understand and agree to its terms and conditions.

Dated this ___ day of _____, 20___.

_____

[Print] _____